## GEORGE T. BOND *vs.* JOHN B. FITZPATRICK.

The indorsee of a promissory note overdue takes it subject to any payments made to any prior holder, and to any right of set-off which the maker had against it in the hands of any prior holder.

In a suit against the maker of a promissory note by one who took it when overdue, the declarations of a prior holder, made while he held the note, after it was due, are admissible in evidence to show payment to such prior holder, or any right of set-off which the maker had against him. But such declarations, made by such holder before he took the note, are inadmissible. So such declarations, made by such holder after assigning the note to one from whom the plaintiff since took it, are inadmissible, unless such assignment was conditioned to be void upon the payment to the assignee of a less sum than the amount due on the note, in which case such declarations are admissible in evidence for the defendant to the extent of the interest remaining in such prior holder.

ACTION OF CONTRACT upon a promissory note for $1,900, made by the defendant on the 19th of January 1847, and payable in two years after date to George Dwight or order, and by him indorsed in blank.

The defendant in his answer denied that the note was ever transferred to the plaintiff, or that the plaintiff was ever the holder thereof for value; and alleged that he made the note in behalf of and for the benefit and use of the Catholic Religious Society in Springfield, of which John J. Doherty then and for a long time afterwards was pastor and business agent; that it was agreed that the note should be paid by said society, and by Doherty from their funds and revenues, and that Doherty did collect such funds and revenues to an amount exceeding the amount of the note, and which ought to have been applied to the payment thereof; and that Doherty did pay and take up the note on the 1st of October 1850, and it ought to have been then cancelled and discharged; that the note was then held by Doherty, and was obtained from him by the plaintiff since that time; and so the note was paid and void in the hands of Doherty, and the plaintiff's possession thereof was without consideration, the plaintiff knowing that the note was invalid in Doherty's hands.

At the trial in the court of common pleas, at March term 1854, before *Mellen,* J., it appeared that the defendant, who was

8 *

bishop of the Roman Catholic Church, gave the note in suit in part payment for a church and land purchased by him of Dwight, for the use of the Catholic Religious Society in Springfield, and secured this note by a mortgage on the land; and that on the 12th of April 1847 Dwight transferred the note to the Springfield Institution for Savings, by whom it was held until October 1850. The defendant offered in evidence the mortgage, together with an assignment thereof from Dwight to said institution for savings, dated April 12th 1847, and acknowledged October 2d 1850; an assignment from said institution to Doherty of the mortgage and note, dated and acknowledged October 1st 1850; and an assignment, dated and acknowledged October 2d 1850, from Doherty to Ephraim W. Bond, of the note and mortgage, conditioned to be void if Doherty should pay said Bond a promissory note for $1,000 given him by Doherty on the 1st of said October, and payable in one year from date, with interest semiannually. The plaintiff objected to the introduction of the mortgage and the assignments thereof in this suit on the note. But the judge admitted them.

The treasurer of the institution for savings testified that on the afternoon of the 1st, or in the course of the 2d of October 1850, he, in behalf of the institution, received the amount due on the note (amounting, after deducting payments previously made, to $1,670) from E. W. Bond, who was an attorney, and did all the business relating to the payment of the note and transfer of the securities.

The defendant offered in evidence declarations made to the treasurer of the institution by Doherty, before the transfer of the note by the institution, tending to show that he had received money for the payment of this note from the catholic society, of which he was then pastor. The defendant also offered to prove that in 1848 Doherty proposed to the society to raise the rents of pews, of which there were one hundred, nearly all rented, from five dollars to nine dollars a quarter, which was agreed to by the society, and Doherty himself collected the rents quarterly in advance for about two years, at that rate; and, about a year after this arrangement was made, announced from

the desk in the church that he had paid about $800 upon the mortgage debt, and a year later (which was either on the Sunday before, or the Sunday after the 1st of October 1850) announced that all the debt was paid off; and that Doherty left the Commonwealth in November 1851, and his residence was not known to the defendant. The defendant also offered to prove declarations made by Doherty to third persons, after the 2d of October 1850, that he had paid off this note and mortgage. But the judge rejected all this evidence; and also ruled that, if admitted, it would not maintain the defence.

The defendant contended that if the plaintiff was entitled to recover at all, he could recover only the amount of $1,000, as security for which E. W. Bond held the note and the mortgage; and that the evidence in the case, as well as that offered and rejected, was competent for the purpose of showing that Doherty had no legal interest in the excess, upon which the plaintiff could recover such excess for his use, and of thus limiting the plaintiff's right to said amount of $1,000. But the judge ruled otherwise, and directed a verdict for the plaintiff for the full amount of the note and interest. The jury returned a verdict accordingly, and the defendant excepted to all the judge's rulings and rejections of testimony.

This case was argued at Boston in January 1855.

*J. Wells*, for the defendant.

*W. G. Bates.* for the plaintiff.

DEWEY, J. The note in suit having been transferred to the plaintiff long after it was overdue, is of course subject to any equitable defence. It was open therefore to the defendant to show payment to any one who was holder of the note at any time after it became due, or any equitable set-off against such prior holder. In this state of the case, and as a part of the evidence to establish the defence, the mortgage given to secure this note, and the various assignments of the note and mortgage, were rightly admitted in evidence. Upon a careful examination of the facts in the case, especially the assignment from the Springfield Institution for Savings to Doherty, and the subsequent assignment from Doherty to E. W. Bond, which last assignment

is not absolute, but in the form of a mortgage, leaving in Doherty an equity of redemption in the property assigned by him to said Bond, the court are of opinion that the note and mortgage were transferred to Doherty in his own right, and that on the 1st of October 1850 he acquired all the interest of the institution for savings in the note and mortgage.

The next inquiry is as to the effect of these transactions on the rights of the plaintiff, as subsequent holder of this overdue note. The law on this point is well settled, and is aptly stated in the case of *Baxter* v. *Little*, 6 Met. 10, that the indorsee of a note overdue takes it with notice on its face that it is discredited, and therefore subject to all payments, and offsets in the nature of the payments. He takes the note subject to all the equities between the prior parties. *Sargent* v. *Southgate*, 5 Pick. 312.

There are many cases in the books in which the declarations or admissions of the payee of a note have been admitted in evidence to defeat a recovery upon the note by one to whom it was indorsed when overdue ; but they appear to have been admissions made by the party while he held the note. *Sylvester* v. *Crapo*, 15 Pick. 92. *Harris* v. *Brooks*, 21 Pick. 195. *Pocock* v. *Billing*, 2 Bing. 269. The principle, upon which such evidence has been deemed competent, seems to be that they are admissions in relation to the title to property which the party then held. The cases are apparently departures from the general rule that the declarations of one who is a competent witness in the case are not admissible in evidence to affect a third person, as they are not the best evidence that the nature of the case affords. *Hatch* v. *Dennis*, 1 Fairf. 247. The declarations of Doherty, made before the 1st of October 1850, when he first became the holder of the note, were therefore properly rejected.

But the admissions made by Doherty during the period that elapsed between the transfer to him and his transfer to E. W. Bond, should have been admitted in defence of the action generally, under the authorities above referred to. And it was competent for the defendant to show that, while the note was

holden by Doherty, there was a good defence to its collection by him, arising from his having in his hands money paid to him to take up the note, and which ought to have been applied by him to that purpose.   This opens the question whether he had, through the avails of rents from pews, or by donations for the purpose, funds to meet this note, when it came into his hands. If possessed of such funds for such purpose, he was bound so to apply them, and his omission so to do would constitute one of those equities between a prior holder of the note and the maker, that might be set up as a defence against a subsequent purchaser of the note, and to this extent the evidence should have been admitted.

Any acts of Doherty after the transfer of the note to E. W. Bond are not to prejudice the rights of the plaintiff to the extent of the interest he had in the note.   Nor are the admissions or declarations of Doherty competent, as evidence of the nature and extent of the interest of the plaintiff, or to limit the same.   In reference to this, they are to be wholly excluded.

But if, from other and competent sources, it appears that the interest of the plaintiff in the note was a limited one, and that a less sum than the amount of the note in suit will fully discharge all his just claims thereon, and that in fact he held a portion of the note in trust for Doherty, it would be competent for the jury to reduce the damages to the amount of the plaintiff's interest, and exclude the balance, if in truth Doherty had received such balance of the note, or there existed, as against him, any equitable set-off as to that balance.

The more general doctrine of the divisibility of a promissory note, and a recovery of so much as rested upon a good consideration, was settled by the case of *Parish* v. *Stone,* 14 Pick. 208. But the cases more directly in point are those of *Chicopee Bank* v. *Chapin,* 8 Met. 40, and *Stoddard* v. *Kimball,* 6 Cush. 469.   In the first of these cases it was held, that what would not constitute a good defence against the plaintiff to the extent of his interest, or the amount for which the note was held as collateral security, might so operate as to a third person who was to be benefited by the recovery of the amount of the note beyond the

sum for which it was held as security; and that, as to such part of the note, it might be shown that the party interested was chargeable with knowledge of want of consideration, or a constructive fraud; and such fact being shown, the sum to be recovered would be limited to the amount of the interest of the *bona fide* holder. In the case of *Stoddard* v. *Kimball*, 6 Cush. 469, where the plaintiff had *bona fide* taken a promissory note of a third person to secure a debt of less amount than the note, it was held, that, upon its being shown that it was an accommodation note improperly put in circulation by the party who thus transferred it as security, the plaintiff was only entitled to recover to the extent of the debt to secure which it was received. The case of *Jones* v. *Hibbert*, 2 Stark. R. 304, is to the like effect.

The only further inquiry is as to the mode of proof that may be resorted to for the purpose of showing that the surplus beyond the amount of the interest of the plaintiff should not be recovered in the present action. And the court are of opinion, that, as the assignment of the note and mortgage from Doherty to E. W. Bond was made upon the condition that it should be void upon the payment of $1,000 within one year, the equitable interest in the surplus continued in Doherty; and therefore his declarations subsequent to this assignment, or any payment made to him after that time, though not competent evidence to defeat a recovery by E. W. Bond, or by the plaintiff claiming under him, to the extent of the interest of E. W. Bond in the note, still might be competent evidence to defeat the recovery of any balance of the note that was held in trust for Doherty.

*New trial ordered*